

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Will H. Radford
County Attorney
Karnes County
Karnes, Texas

Dear Sir:

Opinion No. 0-7292
Re: Requirement under Article
3109 with reference to print-
ing county of residence of
district candidates on the
official ballot.

We are in receipt of your letter of recent date re-
questing the opinion of this department on the above stated mat-
ter. We quote from your letter as follows:

"Art. 3109 RCS states that 'beneath the name of
each candidate thereof for State and district offices,
there shall be printed the county of his residence.'

"In printing the ballots in this county, (a sample
of which is herewith enclosed) the county in which the
candidates for district offices reside, were omitted,
and we have been informed that same has been questioned
by William C. Reader, a candidate for Representative.
At this time over one hundred absentee ballots have
been sent out, and most of them voted, and we would
like to have your opinion as to whether or not we
should hold the election with the ballots as printed,
and if not, what we could or should do at this time."

Article 3109, V. A. C. S., provides in part:

"The vote at all general primaries shall be by
official ballot, which shall have printed at the head
the name of the party, and under such head the names
of all candidates, those for each nomination being ar-
ranged in the order determined by the various commit-
tees as herein provided for, beneath the title of the
office for which the nomination is sought. The voter

Honorable Will H. Radford - Page 2

shall erase or mark out all names he does not wish to vote for. The official ballot shall be printed in black ink upon white paper, and beneath the name of each candidate thereof for State and district offices, there shall be printed the county of his residence." (Underscoring ours)

It has been held that statutory provisions with reference to preparation of the ballot must be strictly followed. (Dunagan v. Jones, 76 S. W. (2d) 219). Also we call your attention to Article 3142, V. A. C. S., which provides:

"Any executive committee or committeeman or primary officer, or other person herein charged with any duty relative to the holding of the primary election, or the canvassing, determination or declaration of the result thereof, may be compelled by mandamus to perform the same in accordance with the provisions of this title."

In the case of Skelton v. Yates, 131 Tex. 620, 119 S. W. (2d) 91, the Supreme Court denied an application for leave to file writ of mandamus commanding a county executive committee to desist from printing the names of certain persons on the official ballot for the Democratic run-off primary and to certify another person instead, where absentee balloting had begun, on the ground that upon the commencement of absentee balloting, the election was in progress and the case had become moot. We quote from the Courts opinion as follows:

"Under the various statutes of this state, it is evident that this case is moot. Under the law absentee balloting has begun. R. S. art. 2956, Vernon's Annotated Civil Statutes art. 2956. The election is already in progress, and no order which this court might enter could be effective at this late date to govern such election. The application to file the petition for mandamus is accordingly overruled. Sterling v. Ferguson et al. 122 Tex. 122, 53 S. W. (2d) 753."

In view of the above and foregoing, it is our opinion that a county executive committee may be compelled by mandamus

Honorable Will H. Radford - Page 3

to perform its statutory duty with respect to printing on the ballot the county of the residence beneath the names of candidates for state and district offices, provided the proceeding is timely brought. However, in the situation inquired about, where under the law absentee voting has begun, in view of the holding in the above cited case, it is our opinion that the question as to whether mandamus will lie to compel the county executive committee to print the county of the residence beneath the names of candidates for district offices upon the ballots for the first primary to be held July 27, 1946, has now become moot.

With reference to the proposition as to whether the failure of the county executive committee to print upon the ballots the county of the residence beneath the names of candidates for district offices would invalidate the election, we call your attention to the following general rule stated in 29 Corpus Juris Secundum, Section 173, p. 248:

"Technical errors on the part of officers charged with the preparation of official ballots will not destroy the efficacy of the ballots nor invalidate the election unless the statute expressly makes a specific irregulatiry fatal, unless it appears that the mistakes in fact have operated to prevent a free and honest election."

In the case of Ramsey v. Wilhelm, Civil Appeals, 52 S. W. 2d, 757 (writ refused) it was stated:

". . .absent evidence of fraud, unfairness in the holding of an election, or tampering with the ballots or returns, the courts of this state have uniformly held that ballots cast by legally qualified voters should be given effect, though election officials had failed to discharge their duties as prescribed by statute, unless there is clear provision in the statute itself that such ballots shall not be counted. Article 3143, R. S.; State v. Logan (Tex. Civ. App.) 5 S. W. (2d) 247, 251; Hooker v. Foster (Tex. Civ. App.) 118 S. W. 893, 901; Bass v. Lawrence (Tex. Civ. App.) 300 S. W. 207; 16 Tex. Jur. 14. (Underscoring ours)

Honorable Will H. Radford - Page 4

". . . Of necessity the holding of such elections are and must be intrusted to those not always conversant with the numerous provisions of the law regulating same. As a result, all of such provisions are seldom complied with in every particular. But it is equally true that such failures on the part of election officials seldom defeat a fair expression of the popular will. Where they do not, the courts have been liberal in sustaining the result. Turner v. Teller (Tex. Civ. App.) 275 S. W. 115. Where such derelictions of the election officials have interfered with or prevented such a fair expression, or where there is any reasonable indication that such was the result, the courts have set them aside."

In the case of Davis v. State, 75 Tex. 420, 12 S. W. 957, it was pointed out that the failure of the Commissioners' Court to perform its duty with respect to fixing voting precincts would not invalidate an election where it had not been shown that the Commissioners' Court had acted with a fraudulent purpose. In this case the Court said:

"The main design of all election laws is, or should be, to secure a fair expression of the popular will, in the speediest and most convenient manner; and we think a failure to comply with provisions not essential to attain that object should not avoid the election, in the absence of language clearly showing that such was the legislative intent. But there is no express declaration in the statute that a failure of the commissioners' courts to make each ward an election precinct shall avoid the election. Nor does it contain any words from which it should be necessarily implied that such was the intention.

". . . It may be said that the language of the article is not persuasive merely, but imposes upon the court an imperative duty. Let it be conceded. It does not follow that a failure to perform the duty makes its action void.

". . . It may be said that the use of the word 'shall' shows that the provision is mandatory. That it is a command to the commissioners' court may be granted; but it does not follow that it is mandatory

Honorable Will H. Radford - Page 5


in the sense that it makes a compliance with the provisions essential to the legality of the election." (Underscoring ours)

We point out here that there is no provision in Article 3109 which requires that ballots not prepared in conformity with the provisions thereof shall not be counted or the election avoided.

In view of the above and foregoing, you are advised that in the absence of fraud, the failure of the county executive committee to have printed upon the ballots the county of the residence beneath the name of each candidate for district offices would not disfranchise the voters or nullify the election, unless such dereliction has, in fact, interfered with or prevented a fair expression of the will of the voters.

We trust that the above and foregoing will be of some assistance in connection with the situation mentioned in your letter.

|  | Yours very truly |
|---|---|
| APPROVED JUL 22, 1946 | ATTORNEY GENERAL OF TEXAS |
| FIRST ASSISTANT ATTORNEY GENERAL | By  J. A. Ellis  Assistant |

JAE-bv


APPROVE
OPINION
COMMITTE
BY
CHAIRMAN